**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JOAN ZELNICK,

       Plaintiff,

          v.

SCALES BRACK DOUGLAS and
WARREN TRUCKING COMPANY, INC.,

       Defendants.

NO. 3:09-CV-0543

(JUDGE CAPUTO)

## MEMORANDUM ORDER

Presently before the Court is Defendants' Notice of Removal (Doc. 1) in the above-caption case. Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte. Meritcare , Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999.)

In its review of the Notice of Removal and Plaintiff's Luzerne County Court of Common Pleas Complaint, the Court notes that Plaintiff's original Complaint avers only that Plaintiff is "residing" in Pennsylvania. (Doc. 1, Ex. A ¶ 1.)  However, "it has long been settled that residence and citizenship are wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the . . . Courts of the United States; and that a mere averment of residence in a particular State is not an averment of citizenship in that State for the purposes of jurisdiction." *Steigleder v. McQuesten*, 198 U.S. 141, 143 (1905); *accord  Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *Nelson v. Wal-Mart, Inc.*, 63 Fed. Appx. 920, 921-922 (7th Cir. 2003).  In short, "[f]or purposes of diversity jurisdiction, it is citizenship and not residency which matters." *Goodfellow v. Merrill*, No. 09-cv-333, 2009 U.S. Dist. LEXIS 13601, at *3

(S.D. Cal. Feb. 23, 2009) (citing 28 U.S.C. § 1332).

"A party's citizenship for purposes of subject matter jurisdiction is synonymous with domicile." *Frett-Smith v. Vanterpool*, 511 F.3d 396, 400-401 (3d Cir. 2008) (citing *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006)). "Domicile is an individual's true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning." *Id*. at 401. Courts often look at several factors in order to determine a party's domicile, including "establishment of a home, place of employment, location of assets, registration of a car, and generally, the center of one's business, domestic, social and civic life." *Id*.

As already noted, federal courts have an independent obligation to satisfy themselves of jurisdiction if they are in doubt. *Meritcare*, 166 F.3d at 217; *accord Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003). Plaintiff's Complaint states only that she is a resident of Pennsylvania. (Complaint, Doc. 1, Ex. A ¶ 1.) In their Notice of Removal the Defendants state that Plaintiff "resides at 89 Eagle Court, Wilkes-Barre, Pennsylvania and therefore, is a citizen of the Commonwealth of Pennsylvania." (Notice of Removal, Doc. 1 ¶ 6.) The Court believes that this statement, absent any other averments suggesting that Plaintiff is domiciled within the Commonwealth of Pennsylvania, improperly equates residence with citizenship. Thus, the Court is not satisfied that the Plaintiff is domiciled in Pennsylvania and, accordingly, is not satisfied that it has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332.

For this reason, **NOW,** this 30th day of March, 2009, upon review of the Plaintiff's Complaint, **IT IS HEREBY ORDERED THAT** this action is **REMANDED** to the Luzerne

County Court of Common Pleas.  The Clerk of the Court is instructed to mark this case as

**CLOSED**.

           /s/ A. Richard Caputo
           A. Richard Caputo
           United States District Judge